# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELAINE WADE,
An Individual,

                  Plaintiff,                   Case No.      1:15-cv-00200-RJJ

vs.                                         Hon. Robert J. Jonker

BENJAMIN LEE SATTLER,
A Michigan individual,
JOHN DOE,
A Michigan individual who may have
Aided Defendant Sattler's conversion,
AUTO OWNERS INSURANCE,
A Michigan Insurance Company, and
MORSE MOVING AND STORAGE, INC.
A Michigan Corporation,

                  Defendants.

---

| | |
|---|---|
| Collin H. Nyeholt (P74132)<br>FIXEL AND NYEHOLT, PLLC<br>*Attorney for Plaintiff*<br>4084 Okemos Road<br>Suite B<br>Okemos, MI 48864<br>(517) 332-3390<br>cnyeholt@fixellawoffices.com | Robert D. Steffes (P63198)<br>Nicholas S. Ayoub (P61545)<br>HEWSON & VAN HELLEMONT, PC<br>*Attorney for Defendant Sattler*<br>625 Kenmoor Avenue, SE<br>Suite 304<br>Grand Rapids, MI 49546<br>(616) 949-5700<br>rsteffes@vanhewpc.com |
| Dirk H. Beckwith<br>FOSTER SWIFT COLLINS & SMITH, PC<br>*Attorney for Defendant Morse Moving*<br>32300 Northwestern Hwy.<br>Suite 230<br>Farmington Hills, MI 48334<br>(248) 539-9918<br>dbeckwith@fosterswift.com | Amanda Barield Fopma<br>SECREST WARDLE LYNCH HAMPTON TRUEX &<br>MORLEY, PC<br>*Attorney for Defendant Auto Owners*<br>2025 E. Beltline Avenue<br>Suite 600<br>Grand Rapids, MI 49546<br>(616) 285-0143<br>afopma@secrestwardle.com |

---

# DEFENDANT BENJAMIN SATTLER'S 1st AMENDED ANSWER TO COMPLAINT

**NOW COMES** Defendant Benjamin Sattler (hereinafter referred to as "Defendant Sattler"), by and through his attorneys, Hewson & Van Hellemont, PC, and hereby files his 1st Amended Answer to Plaintiff's Complaint in compliance with LCivR 8.2 to include the verbatim recitation of the allegations pled in Plaintiff's Complaint.

## STATEMENT OF JURISDICTION

1.    Plaintiff ELAINE WADE is, at present, a permanent resident of the State of Florida with no present intention to move to a different state. She is, therefore, a citizen of the State of Florida, per 28 USC § 1332(a)(1).

**ANSWER:    Answering the allegations contained in paragraph 1, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

2.    Defendant BENJAMIN LEE SATTLER presently is, and at the time of the events described in this Complaint was, a permanent resident of Leelanau County, MI. He is regularly employed as a licensed Physician's Assistant and his regular place of employment is in Traverse City, MI. He is a citizen of the State of Michigan, per 28 USC § 1332(a)(1).

**ANSWER:    Answering the allegations contained in paragraph 2, Defendant Sattler admits the same.**

3.    Defendant JOHN DOE is a presently unidentified Michigan individual who, upon information and belief, purchased converted jewelry from Defendant Sattler, aided Sattler in its sale or disposition of converted jewelry, or otherwise acted as a "fence" for the jewelry that

Sattler converted from Plaintiff Wade, in violation of Michigan Law. He is, it is believed, a citizen of the State of Michigan, per 28 USC § 1332(a)(1).

**ANSWER:** **Answering the allegations contained in paragraph 3, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

4. Defendant AUTO OWNERS INSURANCE ("Defendant Auto Owners") entered into a contract for home insurance, as defined by MCL 500.2103(3), for Plaintiff's home which, at the date of loss, was located in Leelanau County. They likewise provided a rider policy of insurance for loss of certain property at issue in this Complaint, jewelry, that was located in Leelanau County. The loss of the insured property, giving rise to this Complaint, occurred in Leelanau County, MI. Auto Owners is incorporated in the State of Michigan and has its principle place of business in Michigan. It is, therefore, a citizen of the State of Michigan pursuant to 28 USC § 1332(c)(1). Though an insurer, this is not a claim related to a policy or contract for liability insurance and, therefore, 28 USC § 1332(c)(1)(A)-(B) do not apply.

**ANSWER:** **Answering the allegations contained in paragraph 4, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

5. Defendant MORSE MOVING AND STORAGE, INC ("Defendant Morse Moving") is a Michigan Corporation. The company describes itself in its internet advertising as "a full service relocation company." The principle place of operations is in Traverse City, Michigan which is within the jurisdiction of this court. The actions and omissions of this organization giving rise to this complaint occurred substantially in Leelanau County, MI.

**ANSWER:** Answering the allegations contained in paragraph 5, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

6. The events giving rise to this Complaint occurred in the County of Leelanau, which is within the Western District of Michigan's Southern Division.

**ANSWER:** Answering the allegations contained in paragraph 6, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

7. The Court may exercise *general in personem* jurisdiction over the Defendants because of their systematic and continuous direction of business activities into, and permanent presence within, the County of Leelanau. In the alternative, the Court may exercise *specific* jurisdiction over the claims alleged which resulted from an occurrence in the County of Leelanau.

**ANSWER:** Answering the allegations contained in paragraph 7, Defendant Sattler neither admits nor denies the same for the reason that paragraph 7 is a jurisdictional allegation; therefore no response is required and none is given. However, if a response is required, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

8.    Venue is properly laid in the Western District of Michigan, pursuant to 28 USC § 1391(b)(1) because of Defendants' permanent residence in the County of Leelanau, and permanent business presence, respectively.

**ANSWER:    Answering the allegations contained in paragraph 8, Defendant Sattler neither admits nor denies the same for the reason that paragraph 8 is a jurisdictional allegation; therefore no response is required and none is given. However, if a response is required, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

9.    The Court may exercise *subject matter jurisdiction* over the claims at bar, as against Defendants Sattler and Morse Moving Company, which exceed $75,000, pursuant to 28 USC 1332. The Court may exercise supplemental jurisdiction over the related claim against Auto Owners, despite the fact that it does not exceed $75,000, pursuant to 28 USC § 1367.

**ANSWER:    Answering the allegations contained in paragraph 9, Defendant Sattler neither admits nor denies the same for the reason that paragraph 9 is a jurisdictional allegation; therefore no response is required and none is given. However, if a response is required, Defendant Sattler denies the allegations for the reason that they are untrue.**

COMMON ALLEGATIONS

10.   Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:    Defendant Sattler incorporates by reference his answers to paragraphs one (1) through nine (9) above as if fully restated herein.**

a.    **Defendant Morse Moving mislays Plaintiff's valuable jewelry box during the move from Michigan to Florida**

11.   Plaintiff formerly owned a home in Leelanau County, MI.  Plaintiff desired to move to Florida and so sold her home in 2014 and purchased a home in Florida.  Plaintiff has no present intention to own a home in Michigan again in the near future.

**ANSWER:    Answering the allegations contained in paragraph 11, Defendant Sattler admits only that Plaintiff formerly owned a home in Leelanau County, MI and sold her home in 2014.  Defendant Sattler neither admits nor denies the remaining allegations for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

12.   On or about July 31, 2014 Plaintiff contracted with Defendant Morse Moving to help pack her home for the move to Florida, to travel with their possessions to Florida, and to unpack her possessions at the home in Florida.

**ANSWER:    Answering the allegations contained in paragraph 12, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

13.   Plaintiff was, on the day in question, in possession of a large jewelry box.  The box measures approximately 1' X 4' and hangs on the wall. The jewelry box has a lock on it.  On the day of the move, Plaintiff Wade locked the box.  When she locked the box on the day of the move, it contained her collection of jewelry valued at approximately $85,000 - $100,000.

**ANSWER:    Answering the allegations contained in paragraph 13, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without**

sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

14.     Defendant Morse Moving has a stated policy against moving jewelry. However, on the day of the move, Morse's employees moved a box containing loose gem stones owned by Plaintiff. Based on this, Plaintiff Elaine Wade believed that Morse was willing to move her jewelry.

**ANSWER:     Answering the allegations contained in paragraph 14, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

15.     Despite Defendant Morse's policy against moving jewelry, on the day of the move employees of Morse Moving carried Plaintiff Wade's jewelry box from on top of her bed and moved it from one room to another, eventually setting it inside a closet. Employees of Morse Moving took no actions to inform Mrs. Wade that they had done anything other than properly pack and secure the jewelry box after their employees carried it from room to room and placed it in a closet.

**ANSWER:     Answering the allegations contained in paragraph 15, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

16.     When she and the Morse employees arrived in Florida, Plaintiff immediately looked for the jewelry box. She found that it was not among the items unpacked from the truck. Mrs. Wade questioned Morse' employees at this time as to what they had done with the jewelry box after

they took it off the wall.  The Morse employees, at this time, confessed to her that they had

placed the box in a *closet* at the house in Traverse City and not packed it on the truck.

**ANSWER:**  **Answering the allegations contained in paragraph 16, Defendant Sattler**
**neither admits nor denies the same for the reason that Defendant Sattler is without**
**sufficient knowledge or information upon which to premise a belief as to the truth of the**
**matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

> **b.**  **Plaintiff contacts the buyer of her former home, Defendant Sattler, to**
> **recover her Jewelry Box.  He uses his possession of the box to extort**
> **$13,700 from her and then returns the box, but *not* the jewelry inside.**

17.  Plaintiff Wade immediately contacted her realtor and apprised her of the situation with the

jewelry box.  Her Realtor gave her contact information for the buyer of the house, Defendant

Sattler.

**ANSWER:**  **Answering the allegations contained in paragraph 17, Defendant Sattler**
**neither admits nor denies the same for the reason that Defendant Sattler is without**
**sufficient knowledge or information upon which to premise a belief as to the truth of the**
**matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

18.  Plaintiff Wade immediately contacted Defendant Sattler via telephone and advised him that

a valuable jewelry box had been inadvertently left on the property during the move.  She advised

him that she desired to reclaim the jewelry box, and attempted to make arrangements with him

for the box's return.

**ANSWER:**  **Answering the allegations contained in paragraph 18, Defendant Sattler**
**denies the allegations as untrue in the manner and form alleged by Plaintiff.**

19.  At this time, Defendant Sattler advised Plaintiff that he was displeased with the condition

of the carpets in the house.  When he was reminded that he had undertaken a walkthrough of the

property prior to closing, he stated that in his opinion the carpeting "was not in the condition that it was in when he did his walkthrough" or words to that effect. Defendant Sattler advised Mrs. Wade that he believed it would cost him "$19,000" to replace the carpet. Mrs. Wade advised him that the carpet had not been damaged during the move, and was in the same condition it was in when he did his walkthrough. Sattler then advised her that he was hesitant to return the jewelry box to her because it was "the only leverage I have" with respect to the carpet dispute. Sattler also advised Mrs. Wade, during this conversation, that he could hear things "rattling around" in the box. He also advised her that the box was locked, but that he thought he could open it at the hinges.

**ANSWER:** **Answering the allegations contained in paragraph 19, Defendant Sattler admits only that Plaintiff Wade caused extensive damage to Defendant Sattler's home including, but not limited to, destruction of carpet and allowing her pets to defecate and urinate throughout the home. Defendant Sattler denies the remaining allegations as untrue in the manner and form alleged by Plaintiff.**

20. Defendant Sattler and Plaintiff Wade had several conversations over the next several weeks. Sattler, at several points, threatened Wade that he "had a buyer" for the jewelry in the box. Sattler continued to demand Wade send him money.

**ANSWER:** **Answering the allegations contained in paragraph 20, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

21. Upon information and belief, Defendant Sattler was referring to presently unidentified Defendant John Doe when he referred to the "buyer" he had found for the jewelry.

**ANSWER:** **Answering the allegations contained in paragraph 21, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

22.   On or about August 14, 2014 Plaintiff Elaine Wade sent Defendant Sattler a check for $9,200.  He negotiated the check into his depository account.  A copy of this check, bearing Sattler's signature and bank account depository information, is attached hereto as Exhibit A.

**ANSWER:   Answering the allegations contained in paragraph 22, Defendant Sattler admits only that Plaintiff Wade sent Defendant Sattler a check for $9,200 as partial restitution for the damage Plaintiff Wade caused to Defendant Sattler's home.  Defendant Sattler neither admits nor denies any remaining allegation for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

23.   Sattler did not return Wade's jewelry box at this point, but continued to demand more money from her.  He continued to remind her of the "buyer" he had in mind for the jewelry in the box.

**ANSWER:   Answering the allegations contained in paragraph 23, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

24.   On or about August 24, 2014 Plaintiff Elaine Wade sent Defendant Sattler another check, this on in the amount of $4,500.  Sattler negotiated the check into his credit union account.  A copy of this check, bearing Sattler's signature and bank account depository information, is attached hereto as Exhibit B.

**ANSWER:   Answering the allegations contained in paragraph 24, Defendant Sattler admits only that Plaintiff Wade sent Defendant Sattler a check for $4,500 as partial restitution for the damage Plaintiff Wade caused to Defendant Sattler's home.  Defendant Sattler neither admits nor denies any remaining allegation for the reason that Defendant**

**Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

25.    In or about December of 2014, Defendant Sattler agreed to meet Plaintiff Wade's friend, Ms. Deb Marcino, in the parking lot of a grocery store in Traverse City, MI to give her the box. Marcino was then to deliver the box to Mrs. Wade. Defendant Sattler met Mrs. Marcino and gave her the box. When Mrs. Marcino received the box, she observed that it was substantially empty, save for two pieces of jewelry contained therein.

**ANSWER: Answering the allegations contained in paragraph 25, Defendant Sattler admits only that he met Plaintiff Wade's friend in a parking lot and gave her a box containing jewelry. Defendant Sattler neither admits nor denies any remaining allegation for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

26.    Upon information and belief, Defendant Sattler sold some or all of the jewelry in question to Defendant John Doe.

**ANSWER: Answering the allegations contains in paragraph 26, Defendant Sattler admits only that Plaintiff Wade and Defendant Sattler agreed that Defendant Sattler sell seven (7) rings to Karat Carat Jewelers for approximately $2,350 to help pay for the extensive property damage caused by Plaintiff Wade to the house purchased by Defendant Sattler. Defendant Sattler denies any remaining allegations as untrue.**

       **c.**      **Defendant Auto-Owners Insurance declines to honor a loss policy covering some – but not all – of the missing jewelry.**

27.    The Plaintiff carried a policy of insurance through Defendant Auto Owners Insurance Company that was in effect from 4/27/2014 to 4/27/2015. The declarations page for the policy

in question particularly listed $19,845 of jewelry that Plaintiff kept in the jewelry box in question. The Plaintiff paid an additional premium of $69.45 to carry insurance on the jewelry that was particularly listed in the policy. A copy of the relevant portions of the policy is provided hereto as Exhibit C.

**ANSWER:** **Answering the allegations contained in paragraph 27, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

28. The policy also provided that it would cover "newly acquired property" for an amount "not to exceed the lesser of 25% of the amount of insurance for its class or $10,000."

**ANSWER:** **Answering the allegations contained in paragraph 28, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

29. The language of the policy particularly provided that

> [f]or an additional premium we cover the personal property for which an amount of insurance is shown on the Declaration or Schedule forming parts of this policy. This insurance is subject to the provisions of this endorsement and the compatible provisions of the policy to which it is attached. *Id.*

**ANSWER:** **Answering the allegations contained in paragraph 29, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

30. The policy provides that "[w]e insure against all risks of physical loss except" and then provides a list of excluded losses caused by wear and tear, gradual deterioration, insects

or vermin, inherent vice, nuclear action, war, and an action by or at the direction of the insured committed with the intent to cause a loss. *Id.*

**ANSWER:** **Answering the allegations contained in paragraph 30, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

31.     None of the stated policy exceptions to the physical loss coverage apply to the instant situation.

**ANSWER:** **Answering the allegations contained in paragraph 31, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

32.     Plaintiff timely submitted a claim to Auto-Owners related to the jewelry that was lost as a result of the events described herein.  On December 1, 2014 Defendant Auto-Owners submitted correspondence to Plaintiff that indicated that it would not honor their claim for the lost jewelry, because "as you left the jewelry items in your home, there is no occurrence for us to consider for coverage of your claim."  Exhibit D.

**ANSWER:** **Answering the allegations contained in paragraph 32, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

### COUNT I – NEGLIGENT PERFORMANCE OF CONTRACTUAL DUTY
### As to Defendant Morse Moving Company

33.   Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:   Defendant Sattler incorporates by reference his answers to paragraphs one (1) through thirty-two (32) above as if fully restated herein.**

34.   Defendant Morse Moving Company contracted with Plaintiff to move their possession from their home in Traverse City to their new home in Florida.  In so doing, this Defendant took on a duty to exercise due care in performing the move to protect Plaintiff's possessions and safeguard them from loss or theft attributable to Morse's actions or inactions.

**ANSWER:   Answering the allegations contained in paragraph 34, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

35.   Defendant Morse Moving Company, through the actions of its agents, voluntarily assumed an obligation to care for Plaintiff's jewelry during the move when it moved a box of raw stones for her.

**ANSWER:   Answering the allegations contained in paragraph 35, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

36.   Defendant Morse Moving Company, through the actions of its agents, voluntarily assumed an obligation to care for Plaintiff's jewelry during the move when its employees picked up Plaintiff's jewelry box and carried it from room to room.

**ANSWER:** Answering the allegations contained in paragraph 36, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

37.     Defendant Morse had a duty to ensure that Plaintiff's jewelry box was properly packed on the moving truck, and properly delivered to the new home in Florida.

**ANSWER:** Answering the allegations contained in paragraph 37, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

38.     Defendant Morse had a duty, at very least, to *tell* Plaintiff that it had not packed the jewelry box on the truck but had, instead, stuffed the box away in a closet in the home so that *she* could make sure the box was transported to Florida.

**ANSWER:** Answering the allegations contained in paragraph 38, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

39.     Defendant Morse violated its duty of due care when it moved Plaintiff's jewelry box into a closet, and failed to tell her that it had moved the box to the closet rather than pack it on a truck.

**ANSWER:** Answering the allegations contained in paragraph 39, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without

sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

40.     Defendant Morse violated its duty of due care when it failed to properly pack the jewelry box on the truck and safely transport it to the new home in Florida.

**ANSWER:**     Answering the allegations contained in paragraph 40, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

41.     It was reasonably foreseeable that by moving the jewelry box to a closet, and failing to mention to Plaintiff that the box had been moved to the closet and not properly packed on the truck, that the box would be left and overlooked during the move.

**ANSWER:**     Answering the allegations contained in paragraph 41, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

42.     Further, it was reasonably foreseeable that if the box were overlooked and left at the house in Michigan during the move then the contents would be either lost or stolen.

**ANSWER:**     Answering the allegations contained in paragraph 42, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

43.     The jewelry box was, in fact, left in Michigan.  And, its contents were, in fact, lost and/or stolen.

**ANSWER:** Answering the allegations contained in paragraph 43, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

44. Defendant Morse Moving Company's failure to exercise reasonable care in its handling of Plaintiff's jewelry box was the actual and proximate cause of Plaintiff's loss of the contents of the box.

**ANSWER:** Answering the allegations contained in paragraph 44, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

45. WHEREFORE Plaintiff prays this Honorable Court to enter judgment against Morse Moving company in an amount commensurate with her losses sustained as a result of their negligent actions with respect to her jewelry box during the move.

**ANSWER:** Answering the allegations contained in paragraph 45, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

### COUNT II – CLAIM AND DELIVERY, MCL 600.2920
*As to Defendants Sattler and John Doe*

46. Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:** Defendant Sattler incorporates by reference his answers to paragraphs one (1) through forty-five (45) above as if fully restated herein.

47. Plaintiff is the rightful owner of the jewelry in question. Plaintiff never intentionally and knowingly divested herself of her ownership of her jewelry, or otherwise abandoned it. It merely became mislaid by the circumstances of her move. Plaintiff remained the owner of the jewelry in question, despite the fact that it was left in the home.

**ANSWER:** **Answering the allegations contained in paragraph 47, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

48. Defendant Sattler was aware that the jewelry in question was not abandoned property. Plaintiff herself contacted Defendant Satler, spoke to him, and advised him of her intention and desire to reacquire the property despite having mislaid it at the residence.

**ANSWER:** **Answering the allegations contained in paragraph 48, Defendant Sattler admits only that after causing considerable damage to Defendant Sattler's home and abandoning personal property, including the property at issue, Plaintiff Wade and Defendant Sattler spoke regarding pieces of jewelry that Plaintiff Wade had abandoned. Defendant Sattler denies any remaining allegations as untrue.**

49. At present, it is unknown whether Defendant Sattler made good on his threat to sell the jewelry to an unidentified third party "buyer," identified herein as "Defendant John Doe." However, to the extent that he, or John Doe, may be in possession of Plaintiff's jewelry, Plaintiff is entitled to an order of this Court requiring the jewelry to be returned to her.

**ANSWER:** **Answering the allegations contained in paragraph 49, Defendant Sattler admits only that Plaintiff Wade and Defendant Sattler agreed that Defendant Sattler sell seven (7) rings to Karat Carat Jewelers for approximately $2,350 to help pay for the**

extensive property damage caused by Plaintiff Wade to the house purchased by Defendant Sattler. Defendant Sattler denies any remaining allegations as untrue.

50. Michigan law entitles the rightful owner of property wrongfully retained by another to recover the property, pursuant to statutory cause of action for Claim and Delivery, pursuant to MCL 600.2920.

**ANSWER:** **Answering the allegations contained in paragraph 50, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

51. WHEREFORE Plaintiff prays this Honorable Court to order Defendants Sattler and Doe to return her jewelry to her.

**ANSWER:** **WHEREFORE, Defendant Sattler prays that this Honorable Court find no cause of action as to the claims and allegations asserted by Plaintiff.**

### COUNT III – CONVERSION, MCL 600.2919A
#### As to Defendants Sattler and John Doe

52. Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:** **Defendant Sattler incorporates by reference his answers to paragraphs one (1) through fifty-one (51) above as if fully restated herein.**

53. Plaintiff is the rightful owner of the jewelry that was contained in the jewelry box.

**ANSWER:** **Answering the allegations contained in paragraph 53, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

54. Plaintiff contacted Defendant Sattler and advised him, repeatedly, that she desired to receive possession of the jewelry box, and its contents.

**ANSWER:** **Answering the allegations contained in paragraph 54, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

55. Sattler knew that Plaintiff was the owner of the jewelry contained in the box, and that she had asserted her ownership rights to the jewelry.

**ANSWER:** **Answering the allegations contained in paragraph 55, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

56. Despite this fact, Sattler commented to Plaintiff, at several points, that he "had a buyer" for the jewelry in the box, and that he would be able to open the box despite the lock that was on it.

**ANSWER:** **Answering the allegations contained in paragraph 56, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

57. Sattler, upon information and belief, did open the jewelry box, knowing that Plaintiff Wade was the true owner and desired to reclaim the contents of the box.

**ANSWER:** **Answering the allegations contained in paragraph 57, Defendant Sattler admits only that he opened an unlocked box that contained jewelry. Defendant Sattler denies the remaining allegations as untrue in the form and manner alleged.**

58. Sattler, upon information and belief, did remove jewelry from the jewelry box, knowing that Plaintiff Wade was the true owner and desired to reclaim the contents of the box.

**ANSWER:** **Answering the allegations contained in paragraph 58, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

59.   Sattler, upon information and belief, did sell or transfer some or all of the jewelry in the box to Defendant John Doe, knowing that Plaintiff Wade was the true owner and desired to reclaim the contents of the box.

**ANSWER:   Answering the allegations contained in paragraph 59, Defendant Sattler admits only that Plaintiff Wade and Defendant Sattler agreed that Defendant Sattler sell seven (7) rings to Karat Carat Jewelers for approximately $2,350 to help pay for the extensive property damage caused by Plaintiff Wade to the house purchased by Defendant Sattler. Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

60.   Defendants Doe and Sattler did, in fact, receive proceeds and remuneration from the sale of the jewelry.

**ANSWER:   Answering the allegations contained in paragraph 60, Defendant Sattler admits only that Plaintiff Wade and Defendant Sattler agreed that Defendant Sattler sell seven (7) rings to Karat Carat Jewelers for approximately $2,350 to help pay for the extensive property damage caused by Plaintiff Wade to the house purchased by Defendant Sattler.  Defendant Sattler neither admits nor denies the remaining allegations and/or implications for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

61.   Defendants Doe and Sattler are, therefore, liable to Plaintiff for conversion, pursuant to MCL 600.2919a.

**ANSWER:   Answering the allegations contained in paragraph 61, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

62.  Plaintiff has suffered losses as a result of Doe and Sattler's acts of conversion.  Most notably, she has suffered the loss of nearly $100,000 worth of valuable jewelry.

**ANSWER:    Answering the allegations contained in paragraph 62, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

63.  Defendants Doe and Sattler, therefore, are liable to Plaintiff for 3 times the amount of her damages, approximately $300,000, pursuant to MCL 600.2919a(1).

**ANSWER:    Answering the allegations contained in paragraph 63, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

64.  Plaintiff may also recover her reasonable attorneys' fees and costs for this action from Defendants Doe and Sattler, pursuant to MCL 600.2919a(1).

**ANSWER:    Answering the allegations contained in paragraph 64, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

### COUNT IV– RESCISSION OF PAYMENTS DUE TO DURESS OF GOODS
#### As to Defendant Sattler

65.  Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:    Defendant Sattler incorporates by reference his answers to paragraphs one (1) through sixty-four (64) above as if fully restated herein.**

66.  Michigan law has long recognized the precept that "[d]uress of goods may exist when one is compelled to submit to an illegal exaction in order to obtain them from one who has them in possession but refuses to surrender them unless the exaction is submitted to."  *Hackley v. Headley*, 45 Mich. 569, 574-75 (1881).  Generally, courts are able to order return of such unlawful exactions pursuant to principles of contract.  *Marlatte v. Weickgenant*, 147 Mich. 266, 273-74 (1907).

**ANSWER:** **Answering the allegations contained in paragraph 66, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

67.    Defendant Sattler advised Plaintiff Elaine Wade that he desired a sum of money equal to $19,000 from her because of a perceived dispute pertaining to the carpet in the house he had purchased from her.  Plaintiff Wade advised him that he was off base as to his belief that she should pay to re-carpet the house that he had bought because he had not complained of the condition of the carpets during his walkthrough.  Sattler advised her that he would not return her jewelry because it was "the only leverage he had" for his dispute with her.

**ANSWER:** **Answering the allegations contained in paragraph 67, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

68.    Plaintiff Elaine Wade made two payments to Sattler, totaling $13,700.

**ANSWER:** **Answering the allegations contained in paragraph 68, Defendant Sattler admits the same.**

69.    Were it not for Sattler's refusal to return her jewelry to her, his statements that he had "found a buyer," and his threats to sell the jewelry to the buyer, Wade never would have agreed to pay him this sum.

**ANSWER:** **Answering the allegations contained in paragraph 69, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

70.    Michigan's extortion statute, MCL 750.213, provides in pertinent part that

> *[a]ny person who shall, … orally or by a written or printed communication maliciously threaten any injury to the person or property… of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his*

*will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years or by a fine of not more than 10,000 dollars.*

**ANSWER:** **Answering the allegations contained in paragraph 70, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs. For further answer, Defendant Sattler moves this Honorable Court to strike paragraph seventy (70) of Plaintiff's Complaint as it is immaterial and impertinent.**

71. Defendant Sattler's actions described herein are consistent with the statutory definition of the criminal felony of extortion.

**ANSWER:** **Answering the allegations contained in paragraph 71, Defendant Sattler denies the allegations contain therein for the reason they are untrue. For further answer, Defendant Sattler moves this Honorable Court to strike paragraph seventy-one (71) of Plaintiff's Complaint as it is immaterial and impertinent.**

72. If not for Defendant Sattler's criminal conduct described herein, Plaintiff Elaine Wade never would have consented to pay him $13,700.

**ANSWER:** **Answering the allegations contained in paragraph 72, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff. For further answer, Defendant Sattler moves this Honorable Court to strike paragraph seventy-two (72) of Plaintiff's Complaint as it is immaterial and impertinent.**

73. The Court may, pursuant to its equitable powers, rescind Wade's payments of $13,700 to him and order him to return these funds to her, pursuant to its equitable powers.

**ANSWER:** **Answering the allegations contained in paragraph 73, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without**

sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

74.   WHEREFORE, Plaintiff prays that this Honorable Court strip Defendant Sattler of these funds, so unconscionably received, and order that he pay the sum of $13,700 to Plaintiff, together with pre-suit interest at an appropriate and lawful rate.

**ANSWER:   WHEREFORE, Defendant Sattler prays that this Honorable Court find no cause of action as to the claims and allegations asserted by Plaintiff.**

### COUNT V– FRAUD
*As to Defendant Sattler*

75.   Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:   Defendant Sattler incorporates by reference his answers to paragraphs one (1) through seventy-four (74) above as if fully restated herein.**

76.   Defendant Sattler promised Plaintiff Elaine Wade that, if she paid certain sums of money to him, he would return her valuable jewelry collection to her.

**ANSWER:   Answering the allegations contained in paragraph 76, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

77.   At the time he made this promise, he did not intend to keep it.

**ANSWER:   Answering the allegations contained in paragraph 77, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

78.   He did, in fact, return the jewelry box.  But, he retained possession of the jewelry contained therein.

**ANSWER:   Answering the allegations contained in paragraph 78, Defendant Sattler denies the allegations as untrue.**

79.   Defendant Sattler intended that Plaintiff would rely on his promise to return her jewelry box, *and her jewelry*, in deciding to pay him $13,700.

**ANSWER:**   **Answering the allegations contained in paragraph 79, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

80.   Plaintiff relied on Defendant's promise to return her jewelry when she paid him $13,700.

**ANSWER:**   **Answering the allegations contained in paragraph 80, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

81.   Plaintiff was damaged when she paid Defendant Sattler $13,700 based on his false promise.

**ANSWER:**   **Answering the allegations contained in paragraph 81, Defendant Sattler denies the allegations as untrue in the manner and form alleged by Plaintiff.**

82.   Defendant Satler committed the aforesaid acts with malice aforethought, and with reckless disregard to the rights of Plaintiff Elaine Wade.

**ANSWER:**   **Answering the allegations contained in paragraph 82, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

83.   Plaintiff Wade has suffered significant frustration, embarrassment, outrage, and anger as a result of Defendant Sattler's unlawful actions towards her, entitling her to an award of exemplary damages against him based upon his conduct.

**ANSWER:**   **Answering the allegations contained in paragraph 83, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

84.   Plaintiff has suffered anger, frustration, indignation, and outrage as a result of Defendant Sattler's willful and wanton violation of her rights.

**ANSWER:**   **Answering the allegations contained in paragraph 84, Defendant Sattler denies the allegations contained therein for the reason they are untrue.**

85. WHEREFORE, Plaintiff pray this Honorable Court enter judgment against Defendant Sattler in an amount equal to $13,700, together with exemplary damages from his willful and wanton violation of her rights.

**ANSWER: WHEREFORE, Defendant Sattler prays that this Honorable Court find no cause of action as to the claims and allegations asserted by Plaintiff.**

### COUNT VI– BREACH OF CONTRACT
### *As to Defendant Auto Owners*

86. Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER: Defendant Sattler incorporates by reference his answers to paragraphs one (1) through eighty-five (85) above as if fully restated herein.**

87. Defendant Auto Owners entered into a contract wherein it agreed to reimburse Plaintiff for "any loss" of certain, delineated jewelry items, totaling $19,845 and, in addition to these delineated items, for any "newly acquired property" for an amount "not to exceed the lesser of 25% of the amount of insurance for its class or $10,000."

**ANSWER: Answering the allegations contained in paragraph 87, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

88. By the circumstances described herein, Plaintiff suffered "loss" of the jewelry described in the policy.

**ANSWER: Answering the allegations contained in paragraph 88, Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

89. Auto Owners denied the claim and, therefore, breached its agreement to pay Plaintiff for "any loss" of the jewelry in question.

**ANSWER:** Answering the allegations contained in paragraph 89, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

90. Plaintiff, therefore, is entitled to a sum of not less than $29,845 from Auto Owners in satisfaction of their claim for the lost jewelry.

**ANSWER:** Answering the allegations contained in paragraph 90, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

### COUNT VII– VIOLATION OF MICHIGAN'S UNIFORM TRADE PRACTICES ACT
### *As to Defendant Auto Owners*

91. Plaintiff repeats and re-alleges the factual allegations and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER:** Defendant Sattler incorporates by reference his answers to paragraphs one (1) through ninety (90) above as if fully restated herein.

92. MCL 500.2836(2) requires an insurer to pay a claim within 30 days after receiving proof of the amount of loss.

**ANSWER:** Answering the allegations contained in paragraph 92, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.

93.    Plaintiff timely submitted her proof of loss to Auto Owners.

**ANSWER:    Answering the allegations contained in paragraph 93, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

94.    Auto Owners wrongfully denied the claim and, therefore, did not timely pay the claim.

**ANSWER:    Answering the allegations contained in paragraph 94, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

95.    MCL 500.2006(4) entitles Plaintiff to 12 percent interest on the unpaid sum.

**ANSWER:    Answering the allegations contained in paragraph 95, Defendant Sattler neither admits nor denies the same for the reason that Defendant Sattler is without sufficient knowledge or information upon which to premise a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

96.    WHEREFORE Plaintiff will seek interest on the unpaid sum of their claim at the penalty interest from the date of denial of the claim to the date it is paid.

**ANSWER:    WHEREFORE, Defendant Sattler prays that this Honorable Court finds no cause of action as to the claims and allegations asserted by Plaintiff.**

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays this Honorable Court award her the following relief:

     1.    Compensatory Damages, as against Defendant Morse Moving, equal to Plaintiff's losses resulting from this organization's negligence described herein, in an

amount not less than the value of the lost jewelry, approximately $85,000 - 100,000;

2.  Compensatory and Treble Damages, as prescribed by MCL 600.2919a, as against Defendants Sattler and Doe, resulting from these persons' acts of conversion of her jewelry, equal to treble the amount of the converted jewelry, in an amount not less than $255,000 - $300,000,

3.  Reasonable attorney's fees and costs for this action to recover for conversion, as prescribed by MCL 600.2919a, as against Defendants Sattler and Doe, in an amount to be determined at the resolution of this action,

4.  Exemplary damages, as against Defendants Sattler and Doe, in compensation for Plaintiff's outrage at the willful, wanton, and malicious violation of her rights that these individuals have engaged in, as may be determined by the jury,

5.  Equitable Rescission of Plaintiff's payments of $13,700 to Defendant Sattler as a result of his unlawful extortion and duress of goods, and an Order requiring him to pay such funds over to Plaintiff,

6.  Equitable Specific Performance of Auto Owners' contract to pay for "any loss" on the $19,845 in itemized jewelry and $10,000 in after acquired jewelry, together with interest at the statutory 12%, per MCL 500.2006(4),

7.  Pre-suit interest, at the appropriate legal rate, on all amounts awarded herein,

8.  Pre-judgment interest, at the appropriate statutory rate, on all amounts awarded herein, and

9.  Post-judgment interest, at the appropriate statutory rate.

**ANSWER**:    Defendant Sattler admits that Plaintiff has requested the relief described in the Wherefore clause of Plaintiff's Complaint, but Defendant prays that this Honorable Court finds no cause of action as to the claims and allegations asserted by Plaintiff along with all other relief that the Court finds to be just and equitable under the circumstances.

HEWSON & VAN HELLEMONT, P.C.

Dated:   March 27, 2015

By _/s/ Robert D. Steffes_____

    Robert D. Steffes        (P63198)
    Nicholas S. Ayoub      (P61545)
    Attys. for Defendant Sattler
BUSINESS ADDRESS:
    625 Kenmoor Ave., S.E., Ste. 304
    Grand Rapids, MI  49546
    (616) 949-5700